**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL TIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-02074 |
| | ) | |
| SPECIFIED CREDIT ASSOCIATION 1, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S TRIAL BRIEF**

COMES NOW Defendant, SPECIFIED CREDIT ASSOCIATION 1, INC., by and through undersigned counsel, and submits the following Trial Brief:

## I.      STATEMENT OF FACTS

Each fact alleged by Plaintiff to be an alleged violation of the FDCPA is in dispute in this case. The stipulated facts agree that Defendant called certain telephone numbers, but those facts do not address the substance of Defendant's alleged conduct.

One major factual dispute in this case is whether Plaintiff ever requested Defendant to not call him at his place of employment. If competent evidence is presented, the jury will need to determine whether Defendant communicated directly with Plaintiff, which Defendant specifically denies, and if so, whether Plaintiff informed Defendant not to call him at his employer, which Defendant also denies. For his Motion for Summary judgment, Plaintiff has stated such a call took place on July 9, 2012. The internal case notes created by defendant to log calls do not show such a phone call, and do not show that Defendant ever spoke directly with

plaintiff. Also in dispute is whether Plaintiff's place of employment had a policy that prohibited such calls.

Another major factual dispute is whether Defendant ever disclosed, or threatened to disclose, the existence of a debt to Plaintiff's employer. In this regard, Plaintiff himself cannot offer any testimony, as he simply cannot and does not have personal knowledge about the contents of an alleged phone call between Defendant and a co-worker. Defendant admits to calling Plaintiff's place of employment, and has explained she asked for the human resources fax number to send a job verification letter. If competent evidence is presented, the jury will need to examine the content of the telephone call on July 18, 2012 to determine if defendant violated the FDCPA.

The basis of the alleged harassment presents no additional factual issues. Plaintiff alleges, per his Complaint and his Motion for Summary Judgment, that the basis for the allegations of harassment are the telephone calls to plaintiff's employer, and the alleged threat to fax delinquent account information.

## II. LEGAL ISSUES

Plaintiff's Complaint pleads three alleged violations of the FDCPA, based on (1) 15 US.C. 1692c(a)(3), (2) 15 U.S.C. 1692c(b), and (3) 15 U.S.C. 1692d, and both of his motions for summary judgment are consistent with those allegations. Now, for the first time, Plaintiff's trial brief mentions completely different statutes that have never been the subject of the numerous pleadings and discovery completed in this case: 15 U.S.C.1692d(6), 1692e, and 1692e(11). The issue of "meaningful disclosure" per 15 U.S.C. 1692d(6) and subsequent disclosures per 15 U.S.C.  1692e(11) have absolutely no bearing on this case. Nor has Plaintiff ever suggested in

this case that Defendant used "false, deceptive, or misleading representation" per 15 U.S.C.1692e. Defendant strenuously objects to the inclusion of these statutes as a basis for any alleged violations, as they are completely inconsistent with the pleadings in this mater and would constitute extreme prejudice to Defendant, and Defendant reserves the right to move to strike any related jury instructions. It is Defendant's hope and expectation that Plaintiff was merely using a form and did not intend to signal an attempt to shift its position at this point in the case.

<u>15 U.S.C. 1692c(a)(3).</u>

Section 15 U.S.C. 1692c(a)(3) of the FDCPA only prohibits communication with a consumer at the place of employment to the extent that  "the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." Therefore, a debt collector <u>is allowed</u> to communicate with a consumer at the consumer's place of employment without prior consent, provided it did not know or have reason to know that such communications were prohibited. The unsophisticated or least sophisticated debtor standard is <u>not</u> applicable to this situation, because what Plaintiff understands or what Plaintiff thought he was communicating to Defendant is not relevant, rather the focus here is on what Defendant knew or should have known. It is clear Plaintiff will rely solely on his testimony of an alleged phone call on July 9 to attempt to establish that defendant somehow knew, or should have known, of his employer's policy, as no supporting documentation has been disclosed. Defendant will testify that not only did no such call occur, but that the telephone policy of employer, if admitted into evidence, does not prohibit calls.

<u>15 U.S.C. 1692c(b).</u>

Plaintiff cites Section 15 U.S.C. 1692c(b) of the FDCPA as to an alleged violation regarding prohibited "communication" without prior consent of the consumer with third parties in connection with collection of the debt. The basis of the alleged violation is a telephone call on July 18, 2012 between Defendant and a co-worker of Plaintiff. However, "deliberate communication with third parties is not completely forbidden. [A] debt collector may seek location information about a debtor from a third party and may, if asked, reveal the collection agency's name." *Zortman v. JC Christensen & Associates, Inc.*, 870 F. Supp. 2D 694, 701 (D.Minn 2012) citing 15 U.S.C. § 1692b(1). Defendant is authorized and allowed to contact third parties for "acquiring location information about the consumer." 15 U.S.C 1692b. The definition of the term "location information" specifically includes a "place of employment." 15 U.S.C. §1692a(7). As well, a fax requesting employment verification does not convey information regarding a debt, and therefore is not a "communication" as that term is defined in the FDCPA. *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177 (10th Cir. 2011)(cert denied 133 S.Ct. 1166). Therefore, upon the jury accepting defendant's competent testimony and evidence, there is no basis for a violation.


<u>15 U.S.C. 1692d.</u>

Plaintiff cites section 15 U.S.C. 1692d of the FDCPA as to an alleged violation, which prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute lists six specific scenarios as examples of harassment, <u>none of which Defendant is alleged to have committed</u>. The Eighth Circuit has adopted the "unsophisticated consumer" test, not the "least sophisticated consumer." *Freyermuth v. Credit Bureau Services, Inc*., 248 F.3d 767, 771 (8th Cir. 2001); *Duffy v.*

*Landberg*, 215 F.3d 871, 873 (8th Cir.2000). This standard preserves "an objective element of reasonableness" to "prevent liability for bizarre or idiosyncratic interpretations." *Peters v. General Service Bureau, Inc.*, 227 F.3d 1051, 1055 (8th Cir. 2002). The only conduct Plaintiff has identified as allegedly harassing overlaps with his other causes of action, namely, calls to his employer after Defendant was allegedly requested to stop, and Defendant allegedly threatening to disclose information about the debt to a co-worker of Plaintiff. While this is at best a question for the jury, "absent egregious conduct or intent to annoy, abuse, or harass, a debt collector does not violate the FDCPA by persistently calling in an attempt to reach a debtor regarding a debt owed and due." *Pace v. Portfolio Recovery*, 872 F.Supp.2d 861 (W.D. Mo. 2012). All of the communications between Plaintiff and Defendant were in an amicable and peaceful manner, with no indication from Plaintiff, or anyone on behalf of Plaintiff, of anything other than cordial cooperation and payment of the debt.  Thus, if Plaintiff cannot show the jury that he asked the Defendant to stop calling, there is no violation for harassment.


### III. PRETRIAL ISSUES

Defendant anticipates the Court will need to rule on the admissibility of the alleged "note" of a co-worker named Julie. Defendant maintains the note is clearly hearsay, absent testimony from Julie. Defendant will file a separate formal objection to this document disclosed by Plaintiff on his exhibit list.

Similarly, Defendant anticipates the Court will need to rule on the admissibility of the telephone policy of Plaintiff's employer. Defendant maintains that, without a custodian of record, who was not on Plaintiff's witness list, the document is also hearsay. Defendant will file a separate formal objection to this document disclosed by Plaintiff on his exhibit list.

Defendant also anticipates filing a motion *in limine* regarding "actual" damages under the FDCPA.  In Missouri and the Eighth Circuit, to recover actual damages for emotional distress, medical proof must be presented. *Glover v. McDonnell Douglas Corp.*, 981 F. 2d 388, 395 (8th Cir. 1992); *Thomas v. FAG Bearings Corp., Inc.*, 846 F. Supp. 1400, 1406 (W.D.Mo. 1994); *Bass v. Nooney*, 646 S.W.2d 765, 772 (Mo. Banc 1983). Plaintiff has disclosed no such proof and defendant will therefore request the court prohibit any testimony about embarrassment, humiliation, emotional distress, anguish and mental suffering" that Plaintiff alleged in paragraph 21 of the Complaint.

## CONCLUSION

Defendant respectfully reserves the right to respond to any legal or factual issues that may arise, and to file other motions *in limine* and make other objections to plaintiff's proposed exhibits and testimony.

Respectfully submitted,

GUSDORF LAW FIRM, LLC

/s/ Bryan E. Brody
225 South Meramec, Suite 1220
Clayton, MO  63105
(314) 721-1230
Fax (314) 721-4113
bbrody@attystl.com
Our File No. 45418
Attorneys for Defendant

### Certificate of Service
A true and accurate copy of foregoing DEFENDANT'S TRIAL BRIEF was delivered electronically via CM/ECF  to Plaintiff's current attorneys of record on this April 15, 2014.

/s/  Bryan E. Brody  #57580