UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL TIMMONS, | ) | |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | Case No. 4:12CV2074 JCH |
| SPECIFIED CREDIT ASSOCIATION 1, INC., | ) | |
| Defendant(s). | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court following a bench trial conducted May 5, 2014. Having considered the pleadings, trial testimony, exhibits, and proposed findings of fact and conclusions of law submitted by the parties, the Court hereby makes and enters the following findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

## Findings Of Fact

1. Defendant Specified Credit Association 1, Inc. is a business entity whose primary business is to collect debts.

2. Plaintiff Michael Timmons owed a debt to Orthodontic Specialists of St. Louis.

3. The debt to Orthodontic Specialists of St. Louis arose from transactions for personal, family, or household purposes.

4. At some point, the debt to Orthodontic Specialists of St. Louis was placed with Defendant for collection.

5. Defendant assigned Plaintiff's case to its employee, Stephanie Troupe.[1]

---

1 Ms. Troupe had been employed by Defendant as a collector for approximately five years, and had passed tests given by Defendant on the Fair Debt Collection Practices Act every six months.

6. On December 13, 2011, Ms. Troupe called Plaintiff at his place of employment, Merchants Metals. Plaintiff told Ms. Troupe to call his wife at home to make payment arrangements.[2]

7. Ms. Troupe called Plaintiff's wife at their residence, and arranged for payments of $75.00 every two weeks, beginning January 6, 2012.

8. Plaintiff made twelve payments of $75.00 each to Defendant between January 6, and June 22, 2012.

9. On or about July 6, 2012, the electronic payment of $75.00 was declined when Defendant attempted to process it.

10. On July 11, 2012, Ms. Troupe placed a phone call to Plaintiff's place of employment, and left a message asking that Plaintiff return her call with his female co-worker.

11. That same day, Ms. Troupe placed a call to Plaintiff's residence, and left a message on his home answering machine.

12. On July 12, 2012, Ms. Troupe again called Plaintiff's residence, and left a message on his home answering machine.

13. On July 16, 2012, Ms. Troupe called both Plaintiff's residence and his place of employment, and left messages on answering machines.

14. On July 18, 2012, Ms. Troupe again called Plaintiff's residence, and left a message on his home answering machine.

---

[2] Plaintiff maintained he informed Ms. Troupe during this initial encounter that he was prohibited from receiving personal phone calls at work. Ms. Troupe denied that Plaintiff ever made such a statement. Furthermore, both she and Defendant's President, Mr. Alex Varady, testified that had Plaintiff so informed her, it would have been noted in a box at the very top of their call log on Plaintiff's account. Upon consideration, the Court finds Ms. Troupe's and Mr. Varady's testimony more credible, especially in light of the fact that Plaintiff later testified he could not recall whether he ever even had a conversation with Ms. Troupe while at work.

15. That same day, Ms. Troupe called Plaintiff's place of employment. After being told that Plaintiff was not available she asked his co-worker, Ms. Julie Stone, for the human resources fax number, in order that she could forward a job verification letter.[3]

16. Later that same day, Plaintiff's wife called Ms. Troupe, and arranged for the bi-weekly payments to be reinstated.[4]

17. Plaintiff made seven payments of $75.00 each to Defendant between August 3, and October 26, 2012.

18. Plaintiff filed the instant lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") on November 6, 2012. In his Complaint, Plaintiff alleges Defendant violated various provisions of the FDCPA.

19. Specifically, Plaintiff asserts that Defendant violated § 1692c(a)(3) of the FDCPA, by continuing to call Plaintiff at Plaintiff's place of employment after being advised Plaintiff's employer prohibits such communication; that Defendant violated § 1692c(b) of the FDCPA, by communicating and disclosing information regarding Plaintiff's debt with Plaintiff's co-worker; and that Defendant violated § 1692d of the FDCPA, by engaging in conduct of which the natural result was the abuse and harassment of Plaintiff.

20. As relief, Plaintiff seeks a declaration that Defendant's conduct violated the FDCPA, actual damages to compensate Plaintiff, statutory damages pursuant to 15 U.S.C. § 1692k, costs, and reasonable attorneys' fees.

---

3 Plaintiff entered into evidence a note purportedly relating a phone message taken by Ms. Stone on July 18, 2012. The message conveyed that Plaintiff was called by "Stephanie," and that he was to "call [her] with Specified Credit or [she] will fax delinquent acct. info." (Plaintiff's Exh. 2). Ms. Troupe denied leaving such a message with Ms. Stone, emphatically stating that she would never divulge such information to a debtor's co-worker. Upon consideration, the Court credits the testimony of Ms. Troupe, as (a) Ms. Stone had no independent recollection of the details of the alleged underlying call, and (b) Plaintiff offered contradictory accounts of the whereabouts of the note from the time it allegedly was written to the date of trial.

## Conclusions Of Law

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, and 15 U.S.C. § 1692k(d), as actions under the FDCPA may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

2. "The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002) (citing 15 U.S.C. § 1692(e)).

3. "In order to establish a violation of the FDCPA, a plaintiff must demonstrate that 1) plaintiff has been the object of collection activity arising from a consumer debt;  2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *O'Connor v. Credit Protection Ass'n LP*, 2013 WL 5340927, at *6 (E.D. Mo. Sept. 23, 2013) (citations omitted).

4. Defendant does not dispute that Plaintiff has established the first two elements of his cause of action. At issue thus is whether Defendant's actions were prohibited by the FDCPA.

5. In evaluating whether a debt collector's actions violate the FDCPA, the communications in question must be viewed through the eyes of an "unsophisticated consumer." *Peters*, 277 F.3d at 1055. This test is "designed to protect consumers of below average sophistication or intelligence, but [it] also contain[s] an objective element of reasonableness, that prevents

---

4 Ms. Troupe arranged for the reinstatement of payments before faxing the job verification letter to Plaintiff's place of employment.

liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* (internal quotation marks and citations omitted).

6. In furtherance of its purpose, the FDCPA provides that "[w]ithout the prior consent of the consumer[5] given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt…at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c(a)(3).

7. Defendant did not have Plaintiff's prior consent, nor did it have a court's express permission to communicate with him at work, "so the dispositive question is whether it knew or had reason to know that [Plaintiff's] employer prohibited such communication." *Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769, 772 (7th Cir.), *cert. denied*, 540 U.S. 985 (2003).

8. The Court finds Plaintiff's evidence does not support a violation of this provision of the FDCPA, for two reasons. First, the Court questions whether Plaintiff's employer prohibited Plaintiff from receiving the type of communication at issue in the first instance, both because the alleged telephone usage policy produced by Plaintiff was signed only after the events at issue here, and because Ms. Stone, a customer service agent at Plaintiff's place of employment, testified that she was unaware of any policy prohibiting personal phone calls at work. More importantly, even assuming such a policy existed, the Court finds Ms. Troupe

---

[5] Under the FDCPA, the term "consumer" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The parties do not dispute that Plaintiff qualifies as a consumer under the Act.

had no reason to know of the prohibition, as Plaintiff never informed her he was not allowed to receive calls at work.[6]

9. In furtherance of its purpose, the FDCPA further provides that "[e]xcept as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

10. "Under § 1692b, the 'safe harbor' provision, a debt collector may communicate with 'any person other than the consumer….for the purpose of acquiring location information about the consumer.'" *Thomas v. Consumer Adjustment Co., Inc.*, 579 F.Supp.2d 1290, 1294 (E.D. Mo. 2008) (quoting 15 U.S.C. § 1692b). "Location information is defined as 'a consumer's place of abode and his telephone number at such place, or his place of employment.'" *Id.* (quoting 15 U.S.C. § 1692a(7)).

11. The Court finds that Ms. Troupe did not violate § 1692c(b) of the FDCPA when she called Plaintiff's place of employment on July 18, 2012, and spoke with Ms. Stone. Ms. Troupe did not disclose the existence of a debt during the phone call. Instead, she asked only for the human resources fax number in order that she could forward a job verification letter, as expressly permitted under the statute.

---

[6] The Court did not find Plaintiff to be a credible witness with respect to his alleged communications with Ms. Troupe, as at times he claimed not to remember anything at all about the phone calls at issue, and at other times he offered answers that conflicted with his pleadings and/or answers he had previously provided during discovery.

12. In furtherance of its purpose, the FDCPA further provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

13. "Plaintiff brings his claim under § 1692d(5), which prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Pratt v. CMRE Financial Services, Inc.*, 2012 WL 86957, at *3 (E.D. Mo. Jan. 11, 2012) (quoting 15 U.S.C. § 1692d(5)).

14. The Court finds that Ms. Troupe's conduct did not violate this provision of the FDCPA. Ms. Troupe was authorized to contact Plaintiff at his place of employment, and there is no evidence that her communications with Plaintiff, Plaintiff's wife, or Ms. Stone, were anything other than cordial. Thus, Ms. Troupe's actions were "not remotely comparable to the type of conduct that has been found to give rise to liability under § 1692d." *Gallagher v. Gurstel, Staloch & Chargo, P.A.*, 645 F.Supp.2d 795, 799 (D. Minn. 2009) (citations omitted).

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that judgment is entered in favor of Defendant on Plaintiff's claims under the Fair Debt Collection Practices Act, as set forth herein.

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 52, a separate Judgment shall accompany this Memorandum and Order.

Dated this  21st   Day of May, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE